UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KENNETH RAY BATES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-289-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILSON, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Kenneth Ray Bates is currently confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Bates has filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 [Record No. 2], and he has paid the $5.00 filing fee.

The Court screens this habeas corpus petition pursuant to 28 U.S.C. § 2243. *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).[1] Nevertheless, under 28 U.S.C. § 1915(e)(2), a district court is authorized to dismiss a petition if it concludes that it fails to establish grounds for relief, or the court may make such other disposition as law and justice require. *See also Hilton v. Braunskill*, 481 U.S. 770, 775

---

[1] At this stage the Court accepts the petitioner's factual allegations as true and liberally construes his legal claims in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

(1987). Having reviewed Bates's petition, the Court will deny relief because the claims asserted by Bates may not be pursued in a § 2241 habeas corpus petition.

## I.

In 2000, a jury in the United States District Court for the Western District of Ohio convicted Bates of armed bank robbery and various firearm offenses. *See United States of America v. Kenneth Ray Bates*, 3:98-CR-817-3 (Hon. David A. Katz, presiding). Bates was sentenced to a 264-month term on the armed bank robbery count, and a consecutive sentence of sixty months on the firearms count.

On direct appeal, Bates advanced four arguments, including the argument that he had been deprived of his Sixth Amendment right to trial by an impartial jury because the all-white venire did not represent a cross-section of the community. The Sixth Circuit affirmed, specifically rejecting Bates's Sixth Amendment challenge to the all-white jury venire. *See United States v. Anthony*, 39 Fed. Appx. 91, 2002 WL 562669, at **5 (6th Cir. April 15, 2002). Specifically, the Sixth Circuit stated:

> However, the record before us fails to indicate that the defendant made a timely objection to the composition of the venire-indeed, it appears that Bates, acting *pro se*, raised the issue for the first time at sentencing. In any event, it is clear that he cannot substantiate this claim.

*Id*.

On June 11, 2003, Bates filed a motion in the Trial Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Bates v. United States of America*, 3:03-CV-7284 ( Hon. David A. Katz, presiding) ("the § 2255 proceeding"). In the § 2255 proceeding, Bates again challenged the racial composition of the all-white jury pool. The

Trial Court entered a Memorandum Opinion and Order denying Bates's § 2255 motion. The Trial Court concluded that none of Bates's claims had "a scintilla of merit and most have been previously addressed on direct appeal." [*See* Order, *Id*., Record No. 7, p. 1]. As to Bates's Sixth Amendment challenge to the racial composition of the jury pool, the Trial Court stated: "The challenge to the jury pool and the jury has already been determined on direct appeal to be a nonstarter." [*Id*.]. Bates appealed and the Trial Court denied a Certificate of Appealability [*Id*., Record No. 9]. On or about January 23, 2004, the Sixth Circuit denied Bates's application for a Certificate of Appealability [*Id*., Record No. 12].

Undeterred, Bates then filed a Rule 60(b) motion in the § 2255 proceeding, which the Trial Court denied by Order entered on October 11, 2005. In that Order, the Trial Court stated that "Bates's motion does not present any exceptional or extraordinary circumstances which justify reopening of this Court's order. Most of the current claims which Bates raises have been raised and addressed in prior proceedings. These are set forth and addressed in subsection 2 of the Government's response and the Court agrees completely with the analysis set forth therein." [Record No. 18]. Bates then appealed that Order. On March 21, 2007, the Sixth Circuit denied Bates's application for a Certificate of Appealability. The Sixth Circuit determined that the Trial Court's decision "was not debatable among jurists of reason." [*Id*., Record No. 27].

In the § 2241 petition before this Court, Bates alleges that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to test the execution of his federal sentence. He reasserts the same argument he raised in his previous challenges to his conviction: that the

racial composition of the jury which convicted him did not represent a fair cross-section of his community. Bates argues that *Taylor v. Louisiana*, 419 U.S. 522 (1975), supports his claim that being tried by an all-white jury violated his rights to due process of law and equal protection of the laws, which are guaranteed by the Fifth Amendment to the United States Constitution.

## II.

The general rule is that 28 U.S.C. § 2255 relates to conviction and imposition of sentence, and such issues must be brought before the Trial Court. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to be brought in the district where the petitioner is incarcerated, and it may only challenge the execution of the sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Bates's claim relates to the sentence imposed by the Trial Court in 2000. It does not relate to how his sentence is being executed. Therefore, his claim would not ordinarily be cognizable under 28 U.S.C. § 2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Bates, however, argues that he is entitled to relief from judgment under the fifth paragraph of 28 U.S.C. § 2255(e). That provision, commonly called the "savings clause," allows a district court in the place of incarceration to address the merits of a § 2255 claim under its 28 U.S.C. § 2241 jurisdiction. Under the savings clause, § 2241 may be used if the petitioner makes a threshold showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e), ¶ 5; *Cohen v. United States*, 593 F.2d at

4

770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the criteria for asserting a § 2241 claim which would ordinarily be brought to the Trial Court pursuant to § 2255. A petitioner must demonstrate that his remedy under § 2255 is truly "inadequate" or "ineffective." *Charles*, 180 F.3d at 757. The § 2255 remedy is not rendered "inadequate and ineffective" because the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience. *Id.* Rather, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).[2]

Bates does not satisfy this standard. On direct appeal, the Sixth Circuit specifically

---

[2] To date, the Sixth Circuit has concluded that § 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 115 Fed. Appx. 772, 2004 WL 2203581, at *2 (6th Cir. Sept. 16, 2004) (Not selected for publication in the Federal Reporter). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence."

rejected Bates's challenge to the jury composition.[3] Bates unsuccessfully pursued the same claim in the Trial Court by way of a § 2255 motion and a Rule 60(b) motion. He then filed two unsuccessful appeals of those collateral challenges to his conviction. Petitioner Bates has failed to demonstrate that his remedy under 28 U.S.C. § 2255 was either inadequate or ineffective. Therefore, his § 2241 petition will be denied.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Kenneth Ray Bates's petition for writ of habeas corpus [Record No. 2] is **DENIED.**

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This the 8th day of October, 2009.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**

---

[3] The Sixth Circuit stated: "There is, however, no right to a jury of any particular composition." *See United States v. Anthony*, 2002 WL 562669, at **5